```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
HENRY PENA,

                Petitioner,           OPINION

         -v-                          13 CV 6029 (MGC)


UNITED STATES OF AMERICA,

                Respondent.

----------------------------------X
```

**Cedarbaum, J.**

Petitioner Henry Pena moves pursuant to 28 U.S.C. § 2255 to correct, vacate, or set aside his convictions for cocaine conspiracy under 21 U.S.C. §§ 841, 846 and bail jumping under 18 U.S.C. § 3146.  Pena pled guilty to both crimes and was sentenced to a combined term of 117 months' imprisonment.  Pena argues here that (1) his counsel was ineffective in causing Pena to plead guilty, (2) the drug statute is unconstitutional, (3) his counsel was ineffective at sentencing, and (4) his guilty plea to bail jumping was involuntary.  For the following reasons, the motion is denied.

## BACKGROUND

In 1993, Pena and several co-conspirators agreed to buy five kilograms of cocaine from a confidential informant for $100,000.  The confidential informant displayed the cocaine to the buyers, including Pena, and a co-conspirator showed the

informant two bags of cash from the trunk of his car. Pena and co-conspirators were subsequently arrested. Approximately $92,000 was seized.

Pena was charged with conspiracy to distribute at least five kilograms of cocaine, an offense that carries a mandatory minimum ten-year prison sentence. On the day of trial, Pena waived indictment and pled guilty, pursuant to a plea agreement, to conspiracy to distribute at least 500 grams of cocaine, which carries a mandatory minimum five-year prison sentence. An Information charged Pena with the conspiracy to distribute 500 grams of cocaine, but also included a "to wit" clause that mistakenly referred to "five kilograms of heroin." The Court pointed out the error at the plea hearing, and the Government clarified that the "to wit" clause should state "five kilograms of cocaine."

Pena was free on bail pending sentencing but failed to appear for sentencing in September 1994. The Court issued a bench warrant for his arrest. He was not arrested until August 2010.

After he was detained, Pena moved to withdraw his guilty plea due to ineffective counsel. The motion was denied on the basis of the fugitive disentitlement doctrine.

In March 2011, Pena pled guilty to bail jumping. The Court asked Pena, "Do I understand, Mr. Pena, that you do want to

plead guilty to the charge of failing to appear for sentencing after you pleaded to the other charge and you were given a date to return to court for sentencing and you failed to return?" Pena answered yes.

At sentencing, Pena's Guidelines range for the two offenses combined was calculated as 151 to 188 months' imprisonment. Pena was sentenced to 87 months for the drug offense, and 30 months for the bail jumping, for a below-Guidelines total term of 117 months' imprisonment.

Pena appealed.  He argued that (1) the Court erred in denying his motion to withdraw his plea on the grounds that the Information lacked sufficient factual basis and that his lawyer failed to inform him of the immigration consequences of the plea, and (2) his sentence was procedurally unreasonable.

The Second Circuit affirmed, stating that the District Court did not abuse its discretion by applying the fugitive disentitlement doctrine to deny the motion to withdraw Pena's plea.

## DISCUSSION

Pena makes four general arguments in his petition.  Each one lacks merit.

Pena first argues that his drug conviction should be overturned due to his counsel's ineffectiveness in (1) allowing the Government to fix the typographical error in the

Information, (2) allowing Pena to waive indictment, (3) failing to object to an insufficient allocution, (4) failing to inform Pena of the elements of the crime, and (5) failing to inform Pena of the immigration consequences of his conviction.

These five assertions of ineffective counsel are foreclosed by the fugitive disentitlement doctrine.  The doctrine provides courts with "discretion to refuse to rule on the merits of a defendant's postconviction claims of trial error when the defendant has fled from justice."  United States v. Morgan, 254 F.3d 424, 426 (2d Cir. 2001) (internal quotation marks omitted). Pena's sixteen-year absence would severely prejudice the Government in an attempt to try this case today.  Moreover, the Second Circuit previously affirmed application of the doctrine in denying Pena's motion to withdraw his guilty plea.  These additional arguments Pena presents for overturning his drug conviction should be treated no differently.

Pena next argues that the drug conspiracy statute, 21 U.S.C. § 846, is unconstitutionally vague because it lacks an overt act requirement.  The Supreme Court has stated, in the course of finding no overt act required by § 846, that in a conspiracy offense "the criminal agreement itself is the actus reus."  United States v. Shabani, 513 U.S. 10, 16 (1994). Accordingly, several courts have summarily rejected vagueness challenges to this statutory provision.  E.g., United States v.

4

Jones, 296 F. App'x 179, 184 (2d Cir. 2008); U.S v. Retamar, 31 F. App'x 801, 802 (3d Cir. 2002).  The constitutional attack fails.

Third, Pena claims that at sentencing his counsel failed to argue for the correct drug quantity.  That reasoning ignores the fact that Pena stipulated to the drug amount in his plea agreement.  See Hilario v. United States, 1998 WL 59114, at *1 (2d Cir. 1998) (counsel's performance was adequate where sentence conformed to plea agreement).  There is no suggestion that the plea agreement was ineffectively negotiated.  The agreement allowed Pena to avoid a ten-year mandatory minimum sentence, and plead to an offense that carried only a five-year mandatory minimum sentence.

Finally, Pena asserts that his plea to the bail jumping offense was involuntary because neither his lawyer nor the Court informed him of the elements of the offense.  "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." Bousley v. United States, 523 U.S. 614, 621 (1998).  Pena did not challenge the voluntariness of his plea on direct appeal.  The claim is barred on collateral review.  Even if the claim was not procedurally defaulted, it is clear from the record that the Court informed Pena about the nature of the charge.

**CONCLUSION**

Pena's motion to vacate, set aside, or correct his sentence is denied.

SO ORDERED.

Dated:   New York, New York
         April 28, 2015

                                S/_____
                                  MIRIAM GOLDMAN CEDARBAUM
                                  United States District Judge